IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                           **CAUSE NO. 1:19cr57-LG-RHW-2**

**SUSANNA M. JARVIS**

## ORDER DENYING MOTION TO TERMINATE PROBATION

**BEFORE THE COURT** is the *pro se* [79] Motion for Early Termination of Probation filed by the defendant, Susanna M. Jarvis, who entered a plea of guilty to possession with intent to distribute Alprazolam, a Schedule IV controlled substance, in violation of 21 U.S.C. § 841(a)(1). On June 22, 2020, the Court sentenced Jarvis to three years of probation, a $2,000 fine, and a $100 special assessment.

On June 10, 2022, Jarvis filed a [79] Motion for Early Termination of Probation, claiming she has consistently worked full-time and has also taken college classes during her term of probation. She asserts that she paid her fine within the first twelve months of her sentence, has followed all of the terms of her probation, and has met regularly with the probation officer assigned to her case. She notes that she is the single mother of a five-year-old son, and she is "working hard to be the best role model and mother that she can be." (Mot. at 1, ECF No. 79). She seeks early termination of her probation because she is changing jobs and "moving to Picayune to manage and rebrand a business." (*Id.*) She states that "[t]his new position would, if possible, include out-of-state travel (I am raising rare breed dogs and we often are asked to deliver in many places and, ideally, this would be part of my role)." (*Id.*)

-3-

The court has the authority to terminate a term of probation "after considering the factors set forth in section 3553(a) . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In the case of a felony, the defendant must have served at least one year of probation before the court can grant early termination. *Id.* "Courts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Smith*, No. 3:10-CR-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (citing *United States v. Akin*, 38 F. App'x 196, 198 (6th Cir. 2002); *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013)). If mere compliance with the conditions of probation were sufficient to justify termination of probation, "the exception would swallow the rule." *United States v. Payne*, No. 1:17-CR-142, 2020 WL 2813438, at *1 (E.D. Tex. May 29, 2020) (quoting *United States v. Seebachan*, No. 12 CRIM. 505 (GBD), 2018 WL 2085654, at *1 (S.D.N.Y. Apr. 24, 2018)).

Here, Jarvis has served two years of her three-year term of probation, but she has not presented any exception or changed circumstances that would justify early termination of her probation. The United States Office of Probation has informed the Court that it does not object to Jarvis' Motion because she has complied with the terms of her probation. Unfortunately, this fact alone does not warrant early termination.[1]  While the Court is sympathetic to Jarvis' situation

---

[1] Moreover, necessary travel in her new job may be considered and if reasonable approved in advance by her probation officer.

-3-

and is very pleased with her efforts, the Court is unable to terminate her probation at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the *pro se* [79] Motion for Early Termination of Probation filed by the defendant, Susanna M. Jarvis, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of June, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE